Rockingham, }
    Dec., 1894. }

## PARKER v. DORSEY.

An award is sufficiently certain and final if it leaves nothing to be performed to carry it into effect but the ministerial acts of computation and measurement.

ASSUMPSIT, on an award. Facts found by a referee. The parties, by an oral agreement, submitted all differences between them growing out of their partnership business to the determination of an arbitrator whose decision they agreed should be final. After a hearing, the arbitrator awarded " that Dorsey pay to Parker the sum of $289.82, Parker to pay from said sum all demands against the firm of Dorsey & Co. owed in Kensington, N. H., whether for apples, barrels, or casks. Dorsey shall keep to his own use all the empty barrels now in his possession, and Parker all the empty barrels now in his possession; Dorsey to have one half of the cider now at Parker's, and Parker to have the other half." Upon the foregoing facts the referee found

in the plaintiff's favor for the amount of the award, with interest from the date of the writ.

*Henry A. Shute*, for the plaintiff.

*Charles H. Knight*, for the defendant.

BLODGETT, J.   There is no merit in the defendant's objection, that the award is uncertain in its provision for "Dorsey to have one half of the cider now at Parker's, and Parker to have the other half." It is true that the text-books and decisions alike say that an award must be certain; but this means only that it. must be reasonably certain. *Truesdale* v. *Straw*, 58 N. H. 207, 212; *Strong* v. *Strong*, 9 Cush. 560; Cald. Arb. 109; Wats. Arb. \*120; Russ. Arb. \*278.   In respect to certainty, all that is necessary to a complete award is that it should be in its terms so reasonably certain as not to leave its own meaning open to future controversy. *Harris* v. *Company*, 9 R. I. 99,— 11 Am. Rep. 224, 225. As to the cider, the award plainly falls within this rule.   There can be no mistake as to its meaning.   The respective rights of the parties are definitely determined.   Nothing is left to be performed but the mere ministerial act (Russ. Arb.\*274, and cases cited) of division. by computation or measurement; and the maxim, *Id certum est quod certum reddi potest*, justly applies.

It is, however, further contended that the award is not final, because it leaves undivided, in fact, the thing which it purports to divide.   But it is not necessary to a complete award that it should execute itself.   That is not always possible.   It is enough if it leaves nothing to be performed but the mere ministerial acts needed to carry it into effect.   *Harris* v. *Company, supra;* *Coghill* v. *Hord*, 1 Dana (Ky.) 350.   "When it is laid down as a principle of law that an award should be final, the meaning is, not that nothing shall remain to be done to complete the award, but that the thing to be done shall have been determined and defined to a reasonable certainty."   *Strong* v. *Strong, supra*, 567.   " It may require future ministerial acts to be done by the arbitrators or others, but cannot reserve any judicial act to be done."   Russ. Arb. \*272; Wats. Arb. \*106; Bil. Aw. \*77.

Upon this branch of the case, as well as the preceding, *Strong* v. *Strong* is directly in point.   In that case the arbitrators. awarded to each of two partners one half of certain grain, crops, farming implements, and logs, and precisely the same objections were made to the award as are now made here; but the court sustained the award, saying (*pp.* 556, 567): " It is true, the arbitrators do not themselves actually sever the things to be. divided, whether hay, grain, utensils, or logs.   There is nothing in the submission which requires them to effect such actual sev-

erance and manual distribution of these things. They adjudge and award that the things shall be divided, and they decide in what proportions. In many cases no more is possible to be done; as of an award for the division of partnership effects, which may happen at the time to be abroad, or otherwise not in the personal possession of either party, and of which the quantity or value is not known; or, as in the case of an award concerning objects not in their nature presently divisible, but hereafter susceptible of division, such as the yet immature crop of a fruit tree; or, as in the case of joint interests not in their nature capable at any time of material severance, like the property in a ship. All these, and many other examples which readily suggest themselves, would seem to show that an award, which purports to divide property between two persons by prescribing a rule of division, may well be final, though the property in question be not actually divided, nay, though it be incapable of actual division. If the award give a definite and certain rule for the division, there is no want of power in the law to apply the rule and enforce its application." To these views nothing need be added.

*Judgment on the report for the plaintiff.*

CARPENTER, J., did not sit: the others concurred.